# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**LUTHER WAYNE DILLON,**
**ADC #173503**                                                                                                                        **PLAINTIFF**

**V.**                              **CASE NO. 3:20-CV-196-DPM-BD**

**BETSY PENIX,** *et al*.                                                                                                                 **DEFENDANTS**

## ORDER

Luther Wayne Dillon, an Arkansas Department of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) In his complaint, Mr. Dillon alleges that Defendant Penix improperly rejected mail sent to him from his attorney. He also complains that ADC officials did not properly process his grievance addressing the issue. Mr. Dillon sues Betsy Penix, Kenny Davis, William Straughn, and the Arkansas Department of Correction in their official capacities only.

Mr. Dillon's complaint is flawed and must be amended. First, it is unclear from the complaint whether the rejection of Mr. Dillon's legal mail caused him to suffer an actual injury. He states that he had a deadline to file his habeas corpus action, but it is not clear whether he missed that deadline as a result of Defendant Penix's alleged conduct.

Second, his allegations about the mishandling of his grievance do not state a claim for relief, because inmates do not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Therefore, there is no federal remedy for a prison official's failure to process a grievance properly.

Third, Mr. Dillon's claims for damages from the Defendants in their official capacities are barred by sovereign immunity. A civil litigant cannot recover monetary compensation from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).

Fourth, the ADC cannot be sued in a civil rights case such as this. *Howlett v. Rose*, 496 U.S. 356, 365 (1990) and *Brown v. Mo. Dep't of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004) (the state and its agencies, including a department of correction, are not "persons" that can be sued under § 1983 for damages or injunctive relief).

Mr. Dillon will have an opportunity to file an amended complaint to remedy the defects set out in this Order. He must file his amended complaint within 30 days. If he fails to amend his complaint within the time allowed, the Court may dismiss some or all of his claims. Local Rule 5.5.

IT IS SO ORDERED, this 28th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE