**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**LUTHER WAYNE DILLON,
ADC #173503**                                                                                          **PLAINTIFF**

**V.**                              **CASE NO. 3:20-CV-196-KGB-BD**

**BETSY PENIX,** *et al*.                                                                        **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Mr. Dillon may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Dillon may waive the right to appeal questions of fact.

**II.    Discussion:**

   A.  Background

Luther Wayne Dillon, an Arkansas Division of Correction inmate, filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) Because Mr. Dillon's complaint was flawed, the Court ordered him to file an amended complaint. (Doc. No. 4) He has now filed a response to the Court's Order and an amended complaint. (Doc. Nos. 7, 8)

B. <u>Discussion</u>

Federal courts must review prisoner complaints where government entities, officers, or employees are named as defendants before ordering service of process. 28 U.S.C. § 1915A(a). The Court has reviewed Mr. Dillon's complaint and his amended complaint. Even reading the complaints liberally and assuming all allegations to be true, Mr. Dillon has not stated a federal claim for relief.

Mr. Dillon sues Betsy Penix, Kenny Davis, William Straughn, and the Arkansas Department of Correction (ADC) in their official capacities only.[1] In his complaints, Mr. Dillon alleges that Defendant Penix improperly rejected mail sent to him from his attorney and that other Defendants improperly processed his grievance addressing this issue.

It is unclear whether the rejection of Mr. Dillon's legal mail caused him to suffer an actual injury. He states that he had a deadline to file his habeas corpus action, but he does not state that he missed that deadline as a result of Defendant Penix's conduct. Mr. Dillon had an opportunity to clarify this claim in his amended complaint; but in the amended complaint, he states only that he seeks a declaratory judgment against Defendant Penix "for injury of deprivation of plaintiff's legal mail which lead [sic] to impeded delay of writ of habeas corpus being filed before 1 year deadline." (Doc. No. 8 at p.3) Furthermore, he states that he did not realize that there was a deadline for filing

---

[1] In his amended complaint, Mr. Dillon moves for the Court to dismiss his claims against the ADC. Accordingly, the Clerk is instructed to terminate the ADC as a party Defendant.

his habeas corpus petition until he was conducting legal research to file his amended complaint. (Doc. No. 7) Mr. Dillon has failed to state a constitutional claim against Defendant Penix.

In both complaints, Mr. Dillon alleges that Defendants Davis and Straughn mishandled his grievances. Even if they did, however, that conduct does not state a federal claim for relief. There is no constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Therefore, there is no federal remedy for a prison official's failure to process a grievance properly.

In his amended complaint, Mr. Dillon also claims that Defendant Straughn violated ADC policies and state statutes. Under settled law, inmates have no protected liberty interest in having state officers follow state law or prison regulations. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

Finally, Mr. Dillon's claims for damages are barred by sovereign immunity. A civil litigant cannot recover compensation from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Here, Mr. Dillon does not sue any of the Defendants in their individual capacities.

### III.   Conclusion:

The Court recommends DISMISSAL of Mr. Dillon's claims, without prejudice, because he has not stated a federal claim for relief. The Court further recommends that this dismissal count as a "strike" for purposes 28 U.S.C. § 1915(g) and that Judge Baker certify that an *in forma pauperis* appeal would be frivolous and would not be taken in good faith.

DATED, this 18th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE